UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, | Case No: C 12-6017 SBA (pr) |
| Petitioner, | **ORDER OF TRANSFER** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On November 27, 2012, Petitioner, a prisoner incarcerated at United States Penitentiary (USP)—Florence, Colorado, filed a document styled as "Habeas Corpus." Dkt. 1. In an entirely summary manner, he alleges that: (1) the Prison Litigation Reform Act is unconstitutional because it allows for cruel and unusual punishment; (2) the Bureau of Prisons (BOP), USP-Florence, Colorado, and his prison case manager are withholding unspecified forms; and (3) the BOP has committed perjury in connection with his inmate account statement.

A petition for a writ of habeas corpus is used to challenge the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Where the defendant is alleged to be the United States, a civil rights claim is appropriately brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Here, because Petitioner's dispute arises from the conditions of his confinement at USP-Florence, the Court liberally construes his pleading as a complaint under Bivens.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In the instant case, all of the events or omissions giving rise to Petitioner's claims in this case occurred in Florence, Colorado, which lies within the venue of the District of Colorado. Therefore, the Court finds that the interests of justice warrant transferring the instant action to the judicial district where venue is proper. See 28 U.S.C. § 1406(a). Accordingly,

IT IS HEREBY ORDERED THAT the Clerk shall transfer the instant action to the District of Colorado. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: January 18, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.12\12-6017 - Young - Order of Transfer.docx

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY DOYLE YOUNG,

       Plaintiff,

 v.

UNITED STATES et al,

       Defendant.
_____/

Case Number: CV12-06017 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Doyle Young Reg. No. 60012-001
U.S. Penitentiary Max-ADX
P.O. Box 8500
3-5128
Florence, CO 81226-8500

Dated: January 18, 2013

                                        Richard W. Wieking, Clerk
                                        By: Lisa Clark, Deputy Clerk